# IN THE COURT OF APPEALS OF IOWA

No. 22-1106
Filed October 11, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**OLYMPIA RACHELLE COOKS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.

The defendant appeals her conviction of willful injury causing serious injury.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Badding, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BLANE, Senior Judge.**

Olympia Cooks appeals the jury verdict finding her guilty of willful injury causing serious injury in violation of Iowa Code section 708.4(1) (2020). She contends the State failed to establish that she had the specific intent to cause serious bodily injury. Because substantial evidence supports the jury's verdict, we affirm.

## I.      Background facts and proceedings.

On August 22, 2020, Julia Hoskinson and a friend, Devina Henderson, were attending a backyard party in Davenport. Also there were Denise Cooks and her mother, Olympia.[1] Hoskinson did not get along with Denise because Denise was in a relationship with a man Hoskinson had previously dated. But Hoskinson had no prior problems with Olympia. After a short period, Hoskinson and Henderson felt uneasy, decided to leave the party, and exited through a back gate. As they walked toward Hoskinson's vehicle, Olympia came running "forcefully" at Hoskinson. Swinging a crow bar or tire iron, she struck Hoskinson six or seven times in the head and wrist. Hoskinson went to the hospital where she was treated for six head lacerations and a fractured wrist that required her to wear a cast for six to eight weeks. The head wounds resulted in loss of feeling due to nerve damage.

The State charged Olympia with willful injury causing serious injury, in violation of Iowa Code section 708.4(1). The case went to jury trial. At the close of the State's evidence, Olympia moved for a judgment of acquittal and directed

---

[1] Because she shares a last name with Denise, we will refer to the defendant as Olympia. We also refer to Denise by her first name to avoid confusion.

verdict, arguing 1) lack of evidence of specific intent to inflict a serious injury and 2) that Hoskinson did not sustain a serious injury.[2]  The trial court denied the motions.  The jury returned a guilty verdict as charged.  The court sentenced Olympia to ten years imprisonment.  She appeals.

## II.      Standard of Review.

"We review the sufficiency of the evidence for correction of errors at law."  In conducting that review, we are highly deferential to the jury's verdict.  The jury's verdict binds this court if the verdict is supported by substantial evidence.  Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt.  In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."

*State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citations omitted).

## III.      Discussion.

The court instructed the jury that to find Olympia guilty of willful injury causing serious injury, the State had to prove the following beyond a reasonable doubt:

1. On or about the 22nd day of August, 2020, the defendant assaulted Julia Hoskinson with a crowbar/tire iron.
2. The defendant specifically intended to cause a serious injury to Julia Hoskinson.
3. The defendant's acts caused a serious injury to Julia Hoskinson.

Additionally, the court instructed on specific intent:

"Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind.  Because determining the defendant's specific intent requires you to decide what he or she was thinking when an act was done, it is seldom capable of direct proof.  Therefore, you

---

[2] In this appeal, Olympia has not pursued the lack-of-serious-injury argument.

should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his or her acts.

Olympia's sole contention is that the State failed to establish she had the specific intent to cause serious bodily injury to Hoskinson. In support of her contention, Olympia argues the State presented no evidence that she wanted to seriously injure Hoskinson. Further, she maintains that there was no proof of her intent to strike any particular body part. Olympia also points to the fact that there was no proof of animosity between her and Hoskinson.

A panel of our court recently addressed a very similar set of facts involving the same charge of willful injury causing serious injury and the identical appeal point—that the State failed to prove specific intent. *See State v. White*, No. 22-0599, 2023 WL 2396375, at *1 (Iowa Ct. App. Mar. 8, 2023). In that case, the defendant had charged at the victim and hit him in the head with a baseball bat. *Id.* The defendant asserted the lack of evidence of his specific intent. Our court stated:

> We presume that a defendant intends the necessary, natural, and probable consequences of an unlawful act. Probable consequences are those that a person "standing in like circumstances and possessing like knowledge should reasonably expect to result from any act which is knowingly done." A person in White's position would reasonably expect that swinging a baseball bat at a person's skull as one swings at a baseball would result in serious injury, so the jury could infer that White intended to cause serious injury.

*Id.* at *2.

We need not elaborate more on the law regarding proof of intent. As the jury instruction advised, and it is well established in our law, intent is seldom capable of direct proof and the jury may look at the facts and circumstances

surrounding the act.  Aggressively swinging an object—whether it be a baseball bat, crow bar, or tire iron—at a person so as to strike them in the head six times or hitting with such force as to break bones in the wrist is evidence that would convince a reasonable jury of a person's intent to inflict serious injury.  The State presented sufficient evidence.

**AFFIRMED.**